## BERRY A. CARPENTER v. JOHN BRIDGES.

EVIDENCE : MORTGAGE : PRESUMPTIONS OF PAYMENT.—Possession by the mortgagor after the maturity of the mortgage, of the property pledged, is not presumptive evidence of the satisfaction of the mortgage debt, without proof that the property had once been delivered to the mortgagee : *aliter*, where the property had been in the mortgagee's possession, and re-delivered by him to the mortgagor.

IN error from the Circuit Court of Jasper county. Hon. John Watts, judge.

Bridges sued Carpenter in replevin for the recovery of a slave : It appeared that Carpenter, in March, 1855, had executed a mortgage on the slave in controversy to Bridges, to secure a debt of $300, and that it matured on the 1st day of January, 1856. There was no stipulation in the mortgage in reference to the possession of the slave. The writ in replevin was issued on the 19th day of February, 1856, and it appeared that on that day the slave was in possession of Carpenter. The court at the instance of defendant, instructed the jury, that the possession of the slave by the mortgagor after the maturity of the mortgage, in the absence of all proof as to the manner in which he obtained possession, was presumptive evidence that the mortgage had been satisfied, and that they must so find, unless the mortgagee proved the contrary.

The defendant had verdict and judgment. A motion for a new trial was made by plaintiff and overruled, and he sued out this writ of error.

*T. J.* and *F. A. R. Wharton*, for plaintiff in error.

*Steele*, for defendant in error.

FISHER, J., delivered the opinion of the court.

This was an action of replevin in the Circuit Court of Jasper county to recover a slave claimed by the plaintiff below under a mortgage executed by the defendant.

The only question presented is whether the mortgagor's posses-

sion of the slave after the maturity of the mortgage debt must be treated as *prima facie* evidence of the payment or discharge of the debt. If the fact had been established that at the time of the execution of the mortgage, the mortgagee took possession of the slave, and after the maturity of the mortgage debt delivered the slave to the mortgagor, the presumption of payment would then be almost irresistible. But no such facts are shown. It may be conceded that the mortgagee had the immediate right of possession of the property ; but the mere fact of the existence of such right would not necessarily imply that the right was exercised or conceded to the mortgagee. The right to possession is one thing, and the actual possession another. In the absence of proof of possession by the mortgagee before the maturity of the debt, it cannot be presumed that the mortgagor acquired his possession from the mortgagee after such maturity,—and as this point alone presents the whole controversy, we are of opinion that the judgment ought to be reversed, and a new trial granted. ·

Judgment reversed, and new trial granted.